O’Neal, J.
delivered the opinion of the Court.
This Court concurs in opinion with the presiding Judge below, on all the questions he has discussed. The second ground, however, presents a question, which although in effect decided, by the judgment below, it may be necessary to decide expressly here. It cannot be denied, that the committee of a lunatic is not subject to any further liability, if on the revocation of his powers he has accounted for, and paid over the funds in his hands, to whomsoever may be legally intitled to receive them. Who in the present case was intitled to receive from the former committee, Thomas Dupont, the funds in his hands 1 Unquestionably the committee John MeNish, who was appointed in his place. The commissioner of the Court of Equity had no right to receive them, unless specially authorized by the Court. McNish’s appointment clothed him with all the power to receive, and manage the estate of the lunatic. If he thought proper to settle with the former committee, without even an account before the commissioner, he could do so ; and his receipt of the funds was an act to which he was fully competent. If he thought proper to receive his own bond, there was nothing in the undertaking or duties of his trust, to prevent his doing so. And the money due on the bond, thereby became part of the trust fund, and his sureties are answerable for it. The motion is therefore refused.